1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT ARISTO GALLARDO, III,    )    Civil No. 11cv02569 LAB (RBB)
                                    )
12              Petitioner,         )    **REPORT AND RECOMMENDATION**
                                    )    **DENYING PETITION FOR WRIT OF**
13  v.                              )    **HABEAS CORPUS [ECF NO. 1]**
                                    )
14  GEORGE NEOTTI,                  )
                                    )
15              Respondent.         )
    _____)

16

17       Petitioner Robert Aristo Gallardo, III, a state prisoner

18  proceeding pro se, filed a Petition for Writ of Habeas Corpus on

19  November 3, 2011, pursuant to 28 U.S.C. § 2254 [ECF No. 1].

20  Gallardo claims that his sentence of "three potential life

21  sentences" violates the Eighth Amendment of the United States

22  Constitution because it is grossly disproportionate to the gravity

23  of his offenses.  (Pet. 6, ECF No. 1.)[1]

24       On January 18, 2012, Respondent George Neotti, warden of RJ

25  Donovan State Prison ("Donovan"), filed an "Answer to Petition for

26  Writ of Habeas Corpus and Memorandum of Points and Authorities in

27  ───────────────────

28       [1]  Because Gallardo's Petition and Neotti's Answer are not
    consecutively paginated, the Court will cite to them using the
    page numbers assigned by the electronic case filing system.

                                    1                    11cv02569 LAB(RBB)

Support" [ECF No. 5] along with a Notice of Lodgment [ECF No. 6].
Respondent asserts that Petitioner is not entitled to habeas
relief because the state courts' denials of his cruel and unusual
punishment claim were neither unreasonable determinations of the
facts, nor contrary to, or unreasonable applications of, clearly
established federal law. (Answer 13-14, ECF No. 5.)  Neotti
argues that Gallardo's sentence does not shock the conscience and
is not out of proportion to the gravity of the violent crimes he
committed. (<u>Id.</u> at 16.)  Petitioner did not file a traverse.

The Court has reviewed the Petition, Respondent's Answer, and
the lodgments.  For the reasons stated below, the Petition for
Writ of Habeas Corpus [ECF No. 1] should be **DENIED**.

**I.   FACTUAL BACKGROUND**

**A.   <u>Prior Strikes</u>**

On February 15, 2002, Gallardo pleaded guilty to four counts
of first-degree robbery. (Lodgment No. 1, Clerk's Tr. vol. 1, 58-
60, 80, Feb. 15, 2002.)  Petitioner admitted that he "took the
personal property of the victims by force and while armed with a
handgun." (<u>Id.</u> at 60.)  He was sentenced to six years in prison.
(<u>Id.</u> at 80.)

**B.   <u>Most Recent Convictions</u>**

Gallardo's most recent convictions stem from a series of
domestic disputes occurring in June 2008 involving Angelica E.,
the mother of Petitioner's then-infant daughter. (Lodgment No.
14, <u>People v. Gallardo</u>, No. D058810, slip op. at 5-6 (Cal. Ct.
App. Oct. 6, 2011).)  Gallardo had been in an intimate
relationship with Angelica for approximately eight months when, in
October 2007, his parole was revoked and he returned to prison.

2

(<u>Id.</u> at 5.)   Angelica gave birth to the couple's child in February
of 2008.   (<u>Id.</u>)   Petitioner was released from prison in May of
that year; at that time, Angelica and the infant were living with
another man.   (<u>Id.</u>)   Angelica carried on an intimate relationship
with both men once Gallardo was released from prison.   (<u>Id.</u>)

On June 8, 2008, Petitioner and Angelica got into a physical
altercation with each other at the beach.   (<u>Id.</u>)   He complained
about her relationship with the other man and accused her of not
properly caring for Gallardo's child.   (<u>Id.</u>)   Angelica responded
by slapping Petitioner in the face.   (<u>Id.</u>)   "Gallardo then slapped
her twice in the face fairly hard with an open hand, causing her
to see stars and suffer a cut and bruised lip."   (<u>Id.</u>)

The next day, Petitioner and Angelica had another violent
exchange at the home of one of Gallardo's former girlfriends,
where he was staying at the time.   (<u>Id.</u> at 5-6.)   During the
argument, Petitioner grabbed Angelica by the hair, threw her to
the ground, slapped her head, and kicked her while she was on the
ground.   (<u>Id.</u>)   "As Angelica stood up, Gallardo grabbed a yellow
rope and wrapped it around her neck from behind, squeezing it
tight until she fell backward to the floor on top of him and
passed out."   (<u>Id.</u> at 6.)   When Angelica awoke, Petitioner choked
her again until she lost consciousness.   (<u>Id.</u>)   When she regained
consciousness and attempted to leave the home, Gallardo physically
prevented her from escaping.   (<u>Id.</u>)

Petitioner later permitted Angelica to leave for work.   (<u>Id.</u>)
When she arrived at work, Angelica informed her supervisor that
Gallardo tried to strangle her.   (<u>Id.</u>)   The police were called and
Petitioner was arrested.   (<u>Id.</u>)   While in custody, Gallardo

11cv02569 LAB(RBB)

escaped from a police officer's patrol vehicle, but was found several days later hiding out at a friend's home.  (Id.)

## II.   PROCEDURAL BACKGROUND

On June 5, 2009, in the Superior Court of California, County of San Diego, a jury convicted Gallardo of (1) assault with a deadly weapon or force likely to cause great bodily injury (count two); (2) two counts of corporal injury to the mother of his child (counts four and six); (3) false imprisonment (count five); and (4) escape from arrest (count seven). (Lodgment No. 1, Clerk's Tr. vol. 1, 226, 228-31, June 5, 2009.)  The jury found that Petitioner used a deadly weapon (a rope) in the commission of the assault and the corporal injury to the mother of his child.  (Id. at 226, 228.)  The trial court also determined that Gallardo had previously been convicted of four serious or violent felonies within the meaning of California Penal Code §§ 667(b)-(i) and 1170.12, one serious felony prior within the meaning of California Penal Code § 667(a)(1), and one felony for which he served a separate prison term within the meaning of California Penal Code § 667.5(b).  (Lodgment No. 3, Rep.'s Tr. vol. 10, 1119-21, June 5, 2009.)

The trial court granted Petitioner's request to strike all prior convictions as to one of the corporal injury counts (count six).  (Id. vol. 11, 1144-45, July 8, 2009.)  The court declined, however, to strike any prior convictions as to the other counts (counts two, four, and five).  (Id. at 1143-44.)  Gallardo was sentenced to twenty-five years to life plus seven years in state prison.  (Lodgment No. 1, Clerk's Tr. vol. 1, 141, July 8, 2009.) This sentence was comprised of (1) twenty-five years to life for

one of the corporal injury convictions (count four), pursuant to California's three-strikes law; (2) one year for the weapon use enhancement as to that count; (3) one year for the other corporal injury conviction; and (4) five years for the prior serious felony enhancement. (<u>Id.</u> at 140, 142; Lodgment No. 3, Rep.'s Tr. vol. 11, 1145-46.) Sentencing was stayed as to the assault conviction, the false imprisonment conviction, and the prior prison term enhancement. (<u>Id.</u>)[2]

Gallardo appealed the convictions on November 19, 2009, arguing that (1) the trial court abused its discretion when it refused to strike all but one of his prior strikes; and (2) Petitioner's three indeterminate sentences of twenty-five years to life constitute cruel and unusual punishment because the "sentences" are disproportionate to his offenses. (Lodgment No. 4, Appellant's Opening Brief at 13, 22, <u>People v. Gallardo</u>, No. D055505 (Cal. Ct. App. Aug. 23, 2010).) On appeal, the People requested a limited remand for the trial court to select and impose a "full strength sentence" for count six and to correct various sentencing errors in the judgment and abstract of judgment. (Lodgment No. 5, Respondent's Brief at 36, <u>People v. Gallardo</u>, No. D055505 (Cal. Ct. App. Aug. 23, 2010).)

On August 23, 2010, Division One of the California Court of Appeal, Fourth Appellate District, held that the trial court did not abuse its discretion in declining to strike all but one of Gallardo's prior convictions. (Lodgment No. 7, <u>People v.</u>

---

[2]   There is a discrepancy between the Clerk's Transcript and the Reporter's Transcript regarding staying the prior prison term enhancement, which was addressed on remand. (<u>See</u> Lodgment No. 11, Rep.'s Tr. vol. 1, 12-14, Dec. 13, 2010.)

1  _Gallardo_, No. D055505, slip op. at 9, 12 (Cal. Ct. App. Aug. 23,
2  2010).)  The court also determined that Petitioner's sentence was
3  not cruel or unusual.  (_Id._ at 12-13, 18.)  The court of appeal
4  concluded, however, that the trial court imposed an unauthorized
5  sentence when it failed to select and impose a full strength
6  sentence as to count six.  (_Id._ at 18-21.)  The court noted that
7  additional errors were made as to the judgment and abstract of
8  judgment.  (_Id._ 21-23.)  The case was remanded to the superior
9  court for resentencing and to correct the errors.  (_Id._ at 23.)

10      Gallardo petitioned the California Supreme Court for review
11  on September 30, 2010.  (Lodgment No. 8, Petition for Review,
12  _People v. Gallardo_, No. SD2009702703 (Cal. Nov. 10, 2010).)  On
13  November 10, 2010, the California Supreme Court denied the
14  petition without opinion.  (Lodgment No. 9, _People v. Gallardo_,
15  No. S186853, order at 1 (Cal. Nov. 10, 2010).)

16      Pursuant to the remand, a new sentencing hearing was
17  conducted on December 13, 2010.  (Lodgment No. 11, Rep.'s Tr. vol.
18  1, 1.)  Again, the court struck Petitioner's prior strikes as to
19  count six.  (_Id._ at 12.)  The court also denied Gallardo's renewed
20  request to strike the prior strikes as to the other counts.  (_Id._)
21  Petitioner was resentenced to twenty-five years to life plus nine
22  years, with the possibility of parole.  (_See_ Lodgment No. 10,
23  Clerk's Tr. vol. 1, 1-3, Dec. 13, 2010.)  This sentence consisted
24  of (1) twenty-five years to life for one of the corporal injury
25  counts (count four); (2) a one-year weapon use enhancement as to
26  that count; (3) three years for the other corporal injury count
27  (count six); and (4) five years for a prior conviction
28  enhancement.  (_Id._ at 1, 3.)  Sentencing was stayed as to the

assault and false imprisonment convictions (counts two and five).

(Id. at 1.)  Gallardo's sentence consisted of an indeterminate

term of thirty-one years to life plus a "full strength consecutive

determinate term of three years."  (See Lodgment No. 14, People v.

Gallardo, No. D058810, slip op. at 3.)

On April 8, 2011, Gallardo appealed and raised the same two

claims contained in his prior appeal; on October 6, 2011, Division

One of California's Fourth Appellate District affirmed the

judgment.  (Lodgment No. 12, Appellant's Opening Brief at 5, 7,

People v. Gallardo, No. D058810 (Cal. Ct. App. Oct. 6, 2011);

Lodgment No. 14, People v. Gallardo, No. D058810, slip op. at 1,

16.)  Petitioner filed another petition for review in the

California Supreme Court; it was denied without opinion on

December 21, 2011.  (Lodgment No. 15, Petition for Review, People

v. Gallardo, No. SD2011700636 (Cal. Dec. 21, 2011); Lodgment No.

16, People v. Gallardo, No. S197900, order at 1 (Cal. Dec. 21,

2011).)

Gallardo then submitted a Petition for Writ of Habeas Corpus

to this Court on November 3, 2011 [ECF No. 1].  Neotti filed an

Answer on January 18, 2012 [ECF No. 5].  Petitioner did not file a

traverse.

### III.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA"),

28 U.S.C. § 2244, applies to all federal habeas petitions filed

after April 24, 1996.  Woodford v. Garceau, 538 U.S. 202, 204

(2003) (citing Lindh v. Murphy, 521 U.S. 320, 326 (1997)).  AEDPA

sets forth the scope of review for federal habeas corpus claims:

> 1    The Supreme Court, a Justice thereof, a circuit
> 2    judge, or a district court shall entertain an
>      application for a writ of habeas corpus in behalf of a
>      person in custody pursuant to the judgment of a State
> 3    court only on the ground that he is in custody in
>      violation of the Constitution or laws or treaties of the
> 4    United States.

28 U.S.C. § 2254(a); <u>see also</u> <u>Reed v. Farley</u>, 512 U.S. 339, 347

(1994); <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991).

Because Gallardo's Petition was filed on November 3, 2011, AEDPA

applies to this case.  <u>See</u> <u>Woodford</u>, 538 U.S. at 204.

In 1996, Congress "worked substantial changes to the law of

habeas corpus." <u>Moore v. Calderon</u>, 108 F.3d 261, 263 (9th Cir.

1997).  Amended § 2254(d) now reads:

> An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the judgment
> of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the
> claim --
>> (1) resulted in a decision that was contrary
>> to, or involved an unreasonable application
>> of, clearly established Federal law, as
>> determined by the Supreme Court of the United
>> States; or
>>
>> (2) resulted in a decision that was based on
>> an unreasonable determination of the facts in
>> light of the evidence presented in the State
>> court proceeding.

28 U.S.C. § 2254(d).

To present a cognizable federal habeas corpus claim, a state

prisoner must allege that his conviction was obtained "in

violation of the Constitution or laws or treaties of the United

States."  28 U.S.C. § 2254(a).  A petitioner must allege that the

state court violated his federal constitutional rights.

<u>Hernandez</u>, 930 F.2d at 719; <u>Jackson v. Ylst</u>, 921 F.2d 882, 885

(9th Cir. 1990); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988).

A federal district court does "not sit as a 'super' state supreme court" with general supervisory authority over the proper application of state law. <u>Smith v. McCotter</u>, 786 F.2d 697, 700 (5th Cir. 1986); <u>see also Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) (holding that federal habeas courts must respect a state court's application of state law); <u>Jackson</u>, 921 F.2d at 885 (explaining that federal courts have no authority to review a state's application of its law). Federal courts may grant habeas relief only to correct errors of federal constitutional magnitude. <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1400 (9th Cir. 1989) (stating that federal courts are not concerned with errors of state law unless they rise to level of a constitutional violation).

The Supreme Court, in <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003), stated that "AEDPA does not require a federal habeas court to adopt any one methodology in deciding the only question that matters under § 2254(d)(1) -- whether a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law." <u>Id.</u> at 71 (citation omitted). In other words, a federal court is not required to review the state court decision <u>de novo</u>. <u>Id.</u> Rather, a federal court can proceed directly to the reasonableness analysis under § 2254(d)(1). <u>Id.</u>

The "novelty" in § 2254(d)(1) is "the reference to 'Federal law, as determined by the Supreme Court of the United States.'" <u>Lindh v. Murphy</u>, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), <u>rev'd on other grounds</u>, 521 U.S. 320 (1997). Section 2254(d)(1)

"explicitly identifies only the Supreme Court as the font of 'clearly established' rules." Id. "A state court decision may not be overturned on habeas review, for example, because of a conflict with Ninth Circuit-based law . . . ." Moore, 108 F.3d at 264. "[A] writ may issue only when the state court decision is 'contrary to, or involved an unreasonable application of,' an authoritative decision of the Supreme Court." Id. (citing Childress v. Johnson, 103 F.3d 1221, 1225 (5th Cir. 1997); Devin v. DeTella, 101 F.3d 1206, 1208 (7th Cir. 1996); Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996)).

Furthermore, with respect to the factual findings of the trial court, AEDPA provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

## IV.  DISCUSSION

### A.  Whether Gallardo's Sentence Is Grossly Disproportionate

The sole issue presented in the Petition is whether Gallardo's sentence of "three potential life sentences" violates the Eighth Amendment of the United States Constitution. (See Pet. 6, ECF No. 1.)  Specifically, Petitioner argues that his sentence is grossly disproportionate to the gravity of his offenses.  (Id.)

Gallardo contends that he has no serious criminal record. (Id.)  He asserts that he was previously convicted of one serious felony, robbery, which involved four separate victims.  (Id.) According to Petitioner, these convictions were treated as a

"single incident" and no one was injured.  (<u>Id.</u>)  Gallardo states that none of his prior convictions are for the same offenses that are the subject of this proceeding.  (<u>Id.</u>)

Petitioner represents that his sentence is more severe than what "most people" receive for second-degree murder.  (<u>Id.</u>)  He also maintains that typically the longest sentence imposed on others for the same offense is four years.  (<u>Id.</u>)  Yet, Petitioner urges that his punishment is five times longer than it would be if he had no record.  (<u>Id.</u>)

Nonetheless, Respondent argues that the state courts' rejections of Gallardo's cruel and unusual punishment claim were not based on unreasonable determinations of the facts, nor were they contrary to, or an unreasonable application of, clearly established Supreme Court law.  (Answer 13-14, 17, ECF No. 5.)  In light of the relevant Supreme Court case law, <u>Rummel v. Estelle</u>, 445 U.S. 263 (1980), and <u>Ewing v. California</u>, 538 U.S. 11 (2003), Neotti contends that Gallardo's sentence is not disproportionate to the violent crimes he committed against Angelica.  (<u>Id.</u> at 16.)  Further, Respondent notes that Petitioner's sentence includes the possibility of parole.  (<u>Id.</u> at 15.)

The Eighth Amendment mandates that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  "The final clause prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed."  <u>Solem v. Helm</u>, 463 U.S. 277, 284 (1983).  The Eighth Amendment contains a "narrow" proportionality principle which forbids only "extreme sentences that are 'grossly disproportionate' to the

crime"; it does not require "strict proportionality between crime and sentence." Graham v. Florida, 560 U.S. __, __, 130 S. Ct. 2011, 2021 (2010) (citing Harmelin v. Michigan, 501 U.S. 957, 1001 (1991)).

"[O]ne governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." Lockyer, 538 U.S. at 72.  The "'precise contours' of [the gross disproportionality principle] 'are unclear[]'" and are "applicable only in the 'exceedingly rare' and 'extreme' case." Id. at 72–73 (quoting Harmelin, 501 U.S. at 998 (Kennedy, J., concurring in part and concurring in judgment)).  Because of this, "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." Id. at 77.

The Ninth Circuit has given courts some guidance as to the kind of "exceedingly rare" Eighth Amendment claim that warrants federal habeas relief.  See Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000) ("[Ninth Circuit] cases may be persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly established.'").  In two recent cases, the Ninth Circuit has overturned three-strikes sentences where either the triggering offense or the defendant's prior criminal history were not sufficiently serious.

In Ramirez v. Castro, 365 F.3d 755, 775 (9th Cir. 2004), the court concluded that a sentence of twenty-five years to life for a nonviolent shoplifting of a $199.00 VCR where the defendant's

prior convictions were two nonviolent second degree robberies, violated the Eighth Amendment.  More recently, the Ninth Circuit struck down a sentence of twenty-eight years to life imposed on a defendant who had failed to update his sex offender registration within five days of his birthday.  Gonzalez v. Duncan, 551 F.3d 875, 876, 891 (9th Cir. 2008).

The Ninth Circuit has upheld three-strikes sentences, however, in cases where either the triggering offense or the defendant's prior record involves violence or the threat of violence.  In Rios v. Garcia, 390 F.3d 1082 (9th Cir. 2004), the court concluded that a sentence of twenty-five years to life for a conviction for a felony petty theft did not violate the Eighth Amendment because Rios's prior robbery "strikes" involved the threat of violence; he "[had] a lengthy criminal history, beginning in 1982, and he ha[d] been incarcerated several times." Id. at 1086.  In Taylor v. Lewis, 460 F.3d 1093 (9th Cir. 2006), the court upheld a sentence of twenty-five years to life for felony possession of cocaine and misdemeanor possession of drug paraphenalia.  Although the triggering felony was nonviolent, Taylor's prior convictions included second-degree burglary, robbery with a firearm, and voluntary manslaughter with the use of a weapon.  Id. at 1100.

When reviewing a state court decision, federal courts must look to the last reasoned state court decision as the basis of the judgment.  Polk v. Sandoval, 503 F.3d 903, 909 (9th Cir. 2007) (citing Benson v. Terhune, 304 F.3d 874, 880 n.5 (9th Cir. 2002)). The last state court to address the merits of Petitioner's Eighth Amendment claim was the California Court of Appeal.  (See Lodgment

No. 14, <u>People v. Gallardo</u>, No. D058810, slip op. at 10-15.)  This
Court reviews that decision.  <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S.
797, 806 (1991).

The appellate court rejected Gallardo's argument that his
sentence constitutes cruel and unusual punishment.  (Lodgment No.
14, <u>People v. Gallardo</u>, No. D058810, slip op. at 10, 15.)  The
court first addressed Petitioner's contention that his sentence
was five times longer than the four-year sentence that a first-
time offender would receive and more than most people would
receive for second-degree murder.  (<u>Id.</u> at 10.)  Contrary to
Gallardo's characterization of his sentence as "three
indeterminate 25-year-to-life terms[,]" the court held that
Petitioner was only subject to serving one sentence of twenty-five
years to life for count four because the trial court stayed his
sentences for counts two and five pursuant to California Penal
Code § 654.  (<u>Id.</u>)  The court also stated that Gallardo failed to
appreciate that he had qualifying priors that triggered the
mandatory sentence of twenty-five years to life under the three-
strikes law.  (<u>Id.</u>)  "Thus it is as a recidivist felon that
Gallardo is being punished and not as a theoretical first time
offender for whom he bases most of his arguments."  (<u>Id.</u> at 10-
11.)

The court held that in addition to his most recent
convictions, Petitioner was previously convicted of armed robbery.
(<u>Id.</u> at 13.)  Armed robbery, the court noted, is serious and has a
"tremendous potential for injury or death."  (<u>Id.</u>)  The court also
stated that at the time of his most recent sentencing, Gallardo
"had already suffered four prior serious felony convictions,

11cv02569 LAB(RBB)

served a six-year prison term, plus additional prison time for revocation of parole." (Id. at 14.)  Further, Petitioner committed his most recent offenses while on parole, evidencing that he "has no intention of abiding by the laws of the State of California." (Id.)  In light of Gallardo's recidivist behavior, the appellate court determined that his sentence was not so disproportionate to his crimes as to violate the Constitution. (Id. at 15.)

When inquiring whether a sentence is grossly disproportionate under a recidivist sentencing statute, courts look to whether an "extreme sentence is justified by the gravity of [an individual's] most recent offense and criminal history." Ramirez, 365 F.3d at 768.  A court must consider the "factual specifics" of the triggering offense and the individual's priors to determine whether the conduct involved violence or was particularly serious. See Reyes v. Brown, 399 F.3d 964, 969 (9th Cir. 2005).

Here, Gallardo's felony convictions include (1) four convictions for robbery "by force and while armed with a handgun"; (2) one conviction for striking the mother of his child in the face; and (3) two convictions for choking the mother of his child with a rope to the point of unconsciousness. (See Lodgment No. 1, Clerk's Tr. vol. 1, 58-60; Lodgment No. 14, People v. Gallardo, No. D058810, slip op. at 5-6.)  The exceptionally violent nature of these acts weighs strongly against any finding of disproportionality. See Solem, 463 U.S. at 292-93 ("[N]onviolent crimes are less serious than crimes marked by violence or the threat of violence.").  Petitioner's offenses are serious in nature and will likely have long-lasting effects on his victims.

The dangerousness of Gallardo's conduct is not ameliorated by the fact that "no one was injured" when he robbed four people at gunpoint. (See Pet. 6, ECF No. 1.)  Physical injury to a victim is not required for an offense to be considered serious for purposes of the gross disproportionality principle.  See Solem, 463 U.S. at 292-93 (noting that acts involving threats of violence are serious).

Moreover, Petitioner's most recent convictions bear a rational relationship to his propensity to recidivate.  See Solem, 463 U.S. at 296 (noting that states are justified in punishing a recidivist more severely than a first-time offender); see Gonzalez, 551 F.3d at 886-87 (noting that a petitioner's propensity to recidivate is a factor to consider under the gross disproportionality test).  Gallardo's priors were for similarly violent conduct, evidencing his propensity to recidivate when it comes to acts of violence against others.  See Ewing 538 U.S. at 31-32 (Scalia, J., concurring in judgment) (holding that a recidivist offender's sentence of twenty-five years to life for the theft of three golf clubs did not warrant habeas relief); Rummel, 445 U.S. at 285 (concluding that a recidivist offender's sentence of life in prison for stealing $120.75 by false pretenses did not warrant habeas relief).  Moreover, as the California Court of Appeal noted, Petitioner was on parole when he committed the offenses against Angelica.  (Lodgment No. 14, People v. Gallardo, No. D058810, slip op. at 15.)  California's interest in deterring and incapacitating recidivist offenders justifies the severity of Gallardo's sentence.  See Ewing, 538 U.S. at 29-30; Gonzalez, 551 F.3d at 886.

16

1    Next, Gallardo argues that his prior armed robbery
2 convictions were "punished as a single incident [and] punished in
3 one case[.]"  (Pet. 6, ECF No. 1.)  On this basis, he appears to
4 contend that the state court's conclusion that he has a serious
5 criminal record is an unreasonable determination of the facts.
6 See 28 U.S.C.A. § 2254(d)(2).  The gross disproportionality
7 principle is the only clearly established principle from the
8 Supreme Court's Eighth Amendment jurisprudence that applies to
9 Petitioner's claims.  Lockyer, 538 U.S. at 72.  Whether Gallardo's
10 prior convictions amount to a serious criminal record that can be
11 used to enhance his sentence under California's Three Strikes Law
12 is a matter of state law.  See Saunders v. Almager, No. 09-0708
13 L(WMc), 2011 WL 2181320, at *10 (S.D. Cal. Apr. 27, 2011).
14 "Finally, 'for purposes of a Three Strikes sentence, the fact that
15 [the defendant's] prior convictions were adjudicated in a single
16 proceeding does not mean that they constitute one prior
17 conviction; two strikes can arise from one case.'"  Id.
18 (alteration in original) (quoting Ramirez v. Castro, 365 F.3d at
19 758 n.3).  Accordingly, on this basis, the state court's
20 resolution of Petitioner's claim is not contrary to, or an
21 unreasonable application of, an authoritative decision of the
22 Supreme Court or an unreasonable determination of the facts based
23 on the evidence presented in the state court proceedings.
24    Additionally, while Gallardo's sentence of thirty-four years
25 to life is a severe penalty, the harshness is mitigated by the
26 availability of parole.  See Cocio v. Bramlett, 872 F.2d 889, 893
27 (9th Cir. 1989) (distinguishing the punishment imposed in Solem
28 from Rummel on the basis that Rummel's punishment included the

possibility of parole, making it less severe than that imposed in
Solem).  Moreover, contrary to Petitioner's assertion, he does not
face "three potential life sentences[.]" (See Pet. 6, ECF No. 1.)
As the California Court of Appeal noted in its opinion, Gallardo's
sentences for counts two and five were stayed pursuant to
California Penal Code § 654 (prohibition against multiple
punishment). (See Lodgment No. 14, People v. Gallardo, No.
D058810, slip op. at 10.)

Given Petitioner's criminal history, coupled with the fact
that his current offenses are not "technical" violations of the
law, the Court cannot conclude that this is an "extremely rare"
case which gives rise to an inference of gross disproportionality.
See Ramirez, 365 F.3d at 770; see also Taylor, 460 F.3d at 1101-
02; Rios, 390 F.3d at 1086.  Accordingly, the Court need not
compare Petitioner's sentence with sentences in this and other
jurisdictions.  See Harmelin, 501 U.S. at 1004-05.  The state
court's rejection of Gallardo's Eighth Amendment claim was neither
contrary to, nor an unreasonable application of, clearly
established Supreme Court law.  See Williams v. Taylor, 529 U.S.
362, 412-13 (2000).  Petitioner is not entitled to federal habeas
relief on his Eighth Amendment claim.  It is recommended that
Gallardo's Petition be **DENIED**.

**B.    Evidentiary Hearing**

In his Answer, Neotti argues that an evidentiary hearing is
not warranted because the state courts decided Petitioner's claims
on the merits. (Answer 17, ECF No. 5.)  Yet, Gallardo does not
request an evidentiary hearing in his Petition. (See generally
Pet. 1, 6, ECF No. 1.)  In any event, even if it had been

18

11cv02569 LAB(RBB)

1   requested, an evidentiary hearing is not warranted.   See Cullen v.

2   Pinholster, __ U.S. __, __, 131 S. Ct. 1388, 1398 (2011); see also

3   Phelps v. Alameida, 569 F.3d 1120, 1126 n.8 (9th Cir. 2009).

4                     **V.   CONCLUSION AND RECOMMENDATION**

5        The Court submits this Report and Recommendation to United

6   States District Judge Larry A. Burns under 28 U.S.C. § 636(b)(1)

7   and Local Civil Rule HC.2 of the United States District Court for

8   the Southern District of California.  For the reasons outlined

9   above, **IT IS HEREBY RECOMMENDED** that the district court issue an

10  Order (1) approving and adopting this Report and Recommendation

11  and (2) directing that Judgment be entered denying the Petition.

12       **IT IS ORDERED** that no later than February 1, 2013, any party

13  to this action may file written objections with the Court and

14  serve a copy on all parties. The document should be captioned

15  "Objections to Report and Recommendation."

16       **IT IS FURTHER ORDERED** that any reply to the objections shall

17  be filed with the Court and served on all parties no later than

18  February 15, 2013.  The parties are advised that failure to file

19  objections within the specified time may waive the right to raise

20  those objections on appeal of the Court's order.  See Turner v.

21  Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951

22  F.2d 1153, 1156 (9th Cir. 1991).

23       **IT IS SO ORDERED.**

24

25  DATED: January 2, 2013

26                                     Ruben B. Brooks
                                       United States Magistrate Judge

27  cc:  Judge Burns
         All Parties of Record

28